```
 1              IN THE UNITED STATES DISTRICT COURT

 2                 MIDDLE DISTRICT OF NORTH CAROLINA

 3
    UNITED STATES OF AMERICA    )
 4                              )   Criminal Action
                                )
 5      vs.                     )   Case No. 1:09CR193-1
                                )
 6  HARVEY LEE BURNETTE,        )
                                )
 7                              )   Greensboro, North Carolina
                                )
 8      Defendant.              )   January 21, 2009
    _____)
 9

10                      TRANSCRIPT OF SENTENCE

11         BEFORE THE HONORABLE WILLIAM L. OSTEEN, JR.

12                  UNITED STATES DISTRICT JUDGE

13
    APPEARANCES:
14
    For the Government:   TERRY M. MEINECKE, AUSA
15                        Office of the U.S. Attorney
                          101 S. Edgeworth Street, 4th Floor
16                        Greensboro, North Carolina 27401

17


18
    For the Defendant:    WILLIAM S. TRIVETTE, AFPD
19                        Office of the Federal Public Defender
                          301 N. Elm Street, Suite 410
20                        Greensboro, North Carolina 27401

21

22  Court Reporter:       Joseph B. Armstrong, RMR, FCRR
                          324 W. Market, Room 101
23                        Greensboro, NC  27401

24
            Proceedings reported by stenotype reporter.
25     Transcript produced by Computer-Aided Transcription.
```

1        Greensboro, North Carolina
2        January 21, 2010
3        (At 9:33 a.m., proceedings commenced.)
4        THE COURT: You may proceed to call the case.
5        MR. MEINECKE: Thank you, sir. That would be the
6 United States versus Harvey Lee Burnette, Jr.,
7 Case No. 1:09CR193-1. Mr. Trivette is present on behalf of
8 defendant. This matter on for sentencing.
9        THE COURT: All right. Good morning,
10 Mr. Trivette.
11        MR. TRIVETTE: Good morning, Your Honor.
12        THE COURT: Are you and Mr. Burnette prepared to
13 proceed with this hearing this morning?
14        MR. TRIVETTE: Yes, Your Honor.
15        THE COURT: And have you received a copy of the
16 presentence report and reviewed it with Mr. Burnette?
17        MR. TRIVETTE: Yes, sir.
18        THE COURT: Are there any objections?
19        MR. TRIVETTE: No, Your Honor.
20        THE COURT: Mr. Burnette, do you agree with that;
21 you've seen -- you've reviewed the presentence report, and
22 there are no objections?
23        THE DEFENDANT: Yes, sir.
24        THE COURT: All right. Then I will adopt the
25 presentence investigation report without change.

1  Mr. Burnette's offense of conviction, that is, the
2  conspiracy count, because of the enhanced penalties carries
3  a mandatory minimum term of imprisonment of not less than 20
4  years and a maximum of not more than life in prison.  The
5  resulting advisory guideline calculation is as follows:
6          A total offense level of 34;
7          A criminal history category of II;
8          A guideline imprisonment range of 168 to 210 that
9  becomes 240 months because of the mandatory minimum term of
10 imprisonment;
11         Supervised release range is not less than 8 years
12 by statute;
13         A fine range is $17,500 to $8 million;
14         And a special assessment of $100 is mandatory.
15         Mr. Trivette, will there be any additional
16 evidence on behalf of Mr. Burnette?
17         MR. TRIVETTE:  No, Your Honor.
18         THE COURT:  Then I will hear from you as to what
19 constitutes a reasonable sentence in this case taking into
20 consideration the advisory guideline calculation as well as
21 all other factors set forth under 18 USC Section 3553.
22         MR. TRIVETTE:  Thank you, Your Honor.  And I would
23 like the Court to know that he has very good support here
24 today.  The Court may remember from the trial, his fiancee
25 of many years, of approximately 13 years, Ms. Judy Hayman is

1  back there.  To her left is her daughter Shania.  Shania's
2  13, and Mr. Burnette has actually raised Shania since she
3  was a baby as well as the other two children for Ms. Hayman,
4  and he's very close to all of them.
5           THE COURT:  Thank you both for coming this morning
6  and taking your time to be here today.
7           MR. TRIVETTE:  And also during the trial -- I'm
8  sorry, Your Honor.  Also from during the trial, his brother
9  Larry is back there with another daughter of Mr. Burnette's.
10 That is Brittany back there.  Brittany is actually going to
11 nursing school.  She's 20 years of age.  I believe that
12 Sasha is also -- no, Sasha's not here.  Sasha is 21, and
13 she's a student at Winston-Salem state.
14          THE COURT:  Thank you both.  It is significant to
15 me that an individual has family members that support and
16 care for him.  So thank you all for being here today.
17          MR. TRIVETTE:  And, Your Honor, as far as original
18 sentence, of course, there is a mandatory penalty here
19 because of the prior conviction.  The Court would note that
20 he's never spent time in jail; his sentences have been
21 suspended.  Now we move to the minimum mandatory 20-year
22 sentence.
23          Of course, we ask the Court certainly not to go
24 above that, and I don't think the Court would be inclined to
25 go above the 20 years.  But we'd ask the Court to simply

1    impose the minimum mandatory 20-year sentence, a very heavy
2    sentence under any circumstance. The Court will impose 8
3    years of supervised release. He as a long time in the
4    bureau in which to serve.
5            He comes from a good family. His mother is 81
6    years old, and she's not in good enough health to be here
7    today. But he grew up in Pittsboro and had a good
8    childhood, ran track, has been to school, and has worked
9    during his life. It is regrettable that he is here today
10   facing this sentence.
11           But, Your Honor, I'm confident that he will move
12   through this and put it behind him and be a productive
13   citizen. Thank you, Your Honor.
14           THE COURT: Thank you, Mr. Trivette.
15   Mr. Meinecke, do you wish to be heard?
16           MR. MEINECKE: No, sir.
17           THE COURT: There's no question but that 240
18   months is a very substantial sentence.
19           Mr. Burnette, you are not required to say
20   anything. If you choose to remain silent, I will not
21   consider that against you in any way. But you do have the
22   right to speak before any sentence is imposed; and if
23   there's anything you wish to say, now's the appropriate
24   time.
25           THE DEFENDANT: Yes, I would like to say I'm sorry

1  to my family, bringing my family through this.  This is
2  something I never expected in life.  It's actually a setback
3  for me.  My mom's 81.  So if I get this sentence, my mom
4  might not be there when I get out.  So I just want to
5  apologize to my family, my kids' mother, my brother, my
6  fiancee.  I've never been incarcerated before, and I've
7  learned a lot while I've been incarcerated, and this is --
8  it don't take 20 years to learn a lesson.  So that's all I
9  wanted to say.
10           THE COURT:  Well, Mr. Burnette, you're -- even if
11 I was inclined to do so, the law is clear here and requires
12 a certain minimum sentence.  You are 45 years old, and
13 you've done some things for yourself in your life, and I
14 know that this is a very tough blow.  I really don't have
15 much doubt but what it won't take 20 years to ensure that
16 you don't come back again.
17           But, unfortunately, you are very similar to a lot
18 of other defendants, and I think based on my experience as a
19 judge as well as my experience as a lawyer, a lot of people
20 don't believe or just can't accept that the law will require
21 this at the final time, and it does.  Perhaps some other
22 individuals will learn through the experience that you have
23 had.
24           In any event, in the present case taking into
25 consideration the advisory guideline calculation, which is

1  significantly below the mandatory minimum term of
2  imprisonment, as well as the other factors in this case,
3  Mr. Burnette, at least according to the evidence that was
4  presented at trial that I find believable, was involved in a
5  large-scale powder cocaine conspiracy.  I certainly think
6  that the sentence of 240 months -- that is the sentence that
7  is required by law in Mr. Burnette's case.  So, arguably, a
8  sentence less than that might be appropriate, but the law --
9  but by statute I am precluded from going under that 240
10 month sentence.
11         So I will impose the 240 months and 8 years of
12 supervised release.  I will not impose a fine, I will not
13 impose restitution in this case, and I will impose the terms
14 and conditions of supervised release that are set forth in
15 the presentence -- in the presentence report.
16         Mr. Trivette, any of those you want to address or
17 anything further before I impose that sentence?
18         MR. TRIVETTE:  No, Your Honor.
19         THE COURT:  Then in Case No. 1:09CR193-1, United
20 States of America versus Harvey Lee Burnette, Jr., as to
21 Count 1, it is hereby ordered that the defendant is
22 committed to the custody of the Bureau of Prisons for a term
23 of 240 months to be followed by 8 years of supervised
24 release.  A special assessment of $100 is mandatory, is
25 hereby imposed, and is due and payable immediately.  A fine

1  is waived because of the defendant's inability to pay,
2  taking into consideration his family and other
3  responsibilities, and restitution is not imposed in this
4  case.
5           During the period of supervised release, it is
6  ordered that the defendant shall comply with the standard
7  terms and conditions of supervised release.  In addition to
8  the standard terms and conditions, the following special
9  conditions are hereby imposed:
10          One, the defendant shall provide any requested
11 financial information to the probation officer.
12          Two, the defendant shall submit to substance abuse
13 testing at any time as directed by the probation officer.
14 The defendant shall cooperatively participate in a substance
15 abuse treatment program which may include drug testing and
16 in patient or residential treatment and pay for those
17 treatment services as directed by the probation officer.
18 During the course of any treatment, the defendant shall
19 abstain from the use of any alcoholic beverages.
20          The defendant shall cooperatively participate in a
21 program of employment readiness or retention as directed by
22 the probation officer.
23          Mr. Burnette, you do have the right to appeal the
24 sentence that I have imposed in this case -- or not only the
25 sentence, but the verdict as well.  If you choose to appeal,

1  notice of appeal must be filed within 10 days of the entry
2  of any judgment; and if you wish to appeal but cannot afford
3  the services of counsel, counsel will be appointed to
4  represent you at no additional cost to you.  Mr. Trivette
5  will review with you your right to appeal and will also be
6  responsible for filing any notice of appeal should you elect
7  to appeal.  He will discuss those matters with you at a
8  later time.
9           Anything further, Mr. Trivette?
10          MR. TRIVETTE:  No, Your Honor.
11          THE COURT:  Mr. Meinecke?
12          MR. MEINECKE:  Your Honor, the Government asks the
13 Court enter an order that the controlled substances be
14 destroyed once the period for appeals has expired.
15          THE COURT:  I will order the destruction of any
16 controlled substances -- I will order that any controlled
17 substances seized be destroyed at the conclusion of any
18 applicable appeals period.  Good luck.  Yes, sir,
19 Mr. Burnette?
20          THE DEFENDANT:  I do want to appeal.
21          MR. TRIVETTE:  Your Honor, I will file a timely
22 notice of appeal in this case.
23          THE COURT:  All right. And special assessment is
24 due and payable immediately in Mr. Burnette's case.
25          I will note your notice of appeal, but

1  Mr. Trivette will be responsible for filing that written
2  notice of appeal, Mr. Burnette.  Good luck to you, sir.
3            THE DEFENDANT:  Thank you, sir.
4            MR. TRIVETTE:  Thank you, Your Honor.
5                 (At 9:44 a.m., proceedings concluded.)

1    C E R T I F I C A T E

3    I, JOSEPH B. ARMSTRONG, RMR, FCRR, United States
4 District Court Reporter for the Middle District of North
5 Carolina, DO HEREBY CERTIFY:
6    That the foregoing is a true and correct transcript of
7 the proceedings had in the within-entitled action; that I
8 reported the same in stenotype to the best of my ability;
9 and thereafter reduced same to typewriting through the use
10 of Computer-Aided Transcription.

14 Date:   03/03/10             Joseph B. Armstrong, RMR, FCRR
                                 United States Court Reporter
15                               324 W. Market Street
                                 Greensboro, NC   27401