**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4223**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

HARVEY LEE BURNETTE, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem.  William L. Osteen, Jr., District Judge. (1:09-cr-00193-WO-1)

Submitted:  March 24, 2011          Decided:  April 13, 2011

Before AGEE, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

A. Wayne Harrison, Sr., LAW OFFICES OF A. WAYNE HARRISON, Greensboro, North Carolina, for Appellant. John W. Stone, Jr., Acting United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Harvey Lee Burnette, Jr., of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Burnette to 240 months of imprisonment and he now appeals. Finding no error, we affirm.

Burnette first argues that the district court erred in admitting audiotapes of recorded phone calls between Burnette and a co-conspirator regarding a controlled purchase of cocaine that occurred after the conspiracy ended. However, Burnette failed to object to the admission of the tapes before the district court. "When an item of evidence is entered without objection, the standard of review is very deferential. We will reverse only if the district court plainly erred by failing to disallow the evidence sua sponte, and if failing to reverse would cause a miscarriage of justice." United States v. Lamarr, 75 F.3d 964, 969 (4th Cir. 1996) (citation omitted). To establish that the court plainly erred, Burnette must demonstrate that there was error, that was plain, and that affected his substantial rights. United States v. Olano, 507 U.S. 725, 731-32 (1993). Moreover, even if Burnette demonstrates plain error occurred, this court will not exercise discretion to correct the error "unless the error seriously affect[s] the fairness, integrity or public reputation of

2

judicial proceedings." <u>Id.</u> (internal quotation marks and citation omitted).

Rule 404(b) prohibits the admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Such evidence is "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. . . ." <u>Id.</u> Rule 404(b) is an inclusionary rule, allowing evidence of other crimes or acts to be admitted, except that which tends to prove only criminal disposition. <u>See</u> <u>United States v. Queen</u>, 132 F.3d 991, 994-95 (4th Cir. 1997).

For such evidence to be admissible, it must be "(1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable." <u>United States v. Hodge</u>, 354 F.3d 305, 312 (4th Cir. 2004) (citing <u>Queen</u>, 132 F.3d at 997). Additionally, the probative value of the evidence must not be substantially outweighed by its prejudicial effect. <u>Id.</u> (citing Fed. R. Evid. 403). Moreover, evidence may be admitted pursuant to Rule 404(b) even if it encompasses events that took place after the alleged offense. <u>See</u> <u>United States v. Mohr</u>, 318 F.3d 613, 618 (4th Cir. 2003) (Rule 404(b) "covers evidence of both prior and subsequent acts."). We have thoroughly reviewed

3

the record and conclude that the court did not err in admitting the challenged evidence.

Burnette next argues that the court erred in its charge to the jury regarding the use of the tapes as evidence of the charged conspiracy. However, Burnette has forfeited appellate review of this claim by failing to develop his argument in his opening brief. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653 n.7 (4th Cir. 2006) (finding conclusory single sentence in brief "insufficient to raise on appeal any merits-based challenge to the district court's ruling").

Moreover, this argument is without merit. "'The decision to give or not to give a jury instruction is reviewed for an abuse of discretion.'" United States v. Hurwitz, 459 F.3d 463, 474 (4th Cir. 2006) (quoting United States v. Moye, 454 F.3d 390, 398 (4th Cir. 2006) (en banc)). "'We review a jury instruction to determine whether, taken as a whole, the instruction fairly states the controlling law.'" Id. (quoting Moye, 454 F.3d at 398). If this court determines that the district court erred in refusing an instruction, such error "warrant[s] reversal of the conviction only if the error is prejudicial based on a review of the record as a whole." Moye, 454 F.3d at 399 (internal quotation marks and citation omitted). Having reviewed the record and the relevant legal authorities,

we conclude that the district court's instructions to the jury did not misstate the controlling law.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED