IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| HARVEY LEE BURNETTE, JR., | : | |
| Petitioner/Defendant | : | |
| | : | |
| v. | : | 1:12CV836 |
| | : | 1:09CR193-1 |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

RESPONSE TO MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE

NOW COMES the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, in response to Petitioner's Motion under Title 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence, and in opposition thereto states to the Court the following:

FACTS

On May 26, 2009, a federal grand jury in the Middle District of North Carolina indicted Petitioner with Conspiracy to Distribute 5 kilograms of more of Cocaine Hydrochloride in violation of 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 846. (DE #10). On July 1, 2009, the United States filed an Information of Prior Conviction, based on Petitioner's July 25, 2002, North Carolina state conviction for

1

possession with intent to sell and deliver cocaine.[1] During a four day jury trial the United States presented evidence that on February 20, 2009, agents with the Drug Enforcement Administration (DEA) had a cooperating defendant conduct a controlled delivery of nine (9) kilograms of cocaine hydrochloride to a restaurant in Greensboro, North Carolina. Dora Cruz Gonzalez (Cruz Gonzalez) had arranged the delivery of the cocaine and was arrested at the restaurant as the cocaine was being delivered. Agents seized a cellular telephone from Cruz Gonzalez during her arrest. Cruz Gonzalez's telephone had Petitioner's cellular telephone number listed in her telephone contacts under the name "JR." Two months after her federal arrest, Cruz Gonzalez began cooperating with federal agents and indicated that Petitioner, who she knew as "JR," had received multi-kilogram cocaine shipments from her organization prior to her February 2009 arrest. Cruz Gonzalez agreed to arrange a controlled delivery of cocaine to Petitioner.

Also in April of 2009, DEA agents interviewed federal inmate Walter Escobar in Texas who admitted that he had supplied Petitioner

---

[1] Petitioner's PWISD Cocaine case was consolidated with a Trafficking Cocaine by Transportation charge and he received a 28-34 month sentence of imprisonment suspended for 36 months. (Attachment C). However, because the Petitioner's prior record level was II, he could not have received a term exceeding one year for that charge. Petitioner's guideline range was 168 to 210 months, but based on the Information of Prior Conviction the guideline range was increased to 240 months. PSR ¶ 57. Although not raised by Petitioner, resentencing may be appropriate based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

2

with multi-kilogram shipments of cocaine at the direction of Cruz Gonzales. Escobar identified a photograph of Petitioner as "JR" and was able to describe the defendant's vehicle and residence in Greensboro, including part of the interior layout of that residence.

In May of 2009, Cruz Gonzalez made a series of recorded telephone calls to Petitioner, using the cellular telephone number she had for him in her telephone contacts, to arrange the sale of nine kilograms of cocaine to Petitioner. On May 13, 2009, Petitioner met with an undercover detective, Juan Tejada, posing as a drug courier for Cruz Gonzalez, in the parking lot of a strip mall on Farmington Road in Greensboro. Petitioner asked Det. Tejada, who was wearing a concealed audio recording device, about the quality of the drugs. Det. Tejada advised that the drugs were good and that he wanted Petitioner to produce the cash to complete the deal. Petitioner advised he did not have the money with him, but would get his money together and call the detective. Following the meeting Petitioner was stopped, arrested, and transported to the DEA office. After waiving his Miranda rights and signing a consent to search form for his house, Petitioner told the agents that he had received drug shipments from Cruz Gonzalez in the past and he named two drug couriers that had delivered cocaine to him from Cruz Gonzalez. When asked about a previous 39 kilogram cocaine shipment made to him, Petitioner admitted to the agents that he had taken delivery of a

3

quantity of cocaine from Cruz Gonzalez, but he did not know the amount.  When agents searched Petitioner's residence in Greensboro, North Carolina, they found digital scales with white residue, and a small amount of a white powdery substance consistent with cocaine, in Petitioner's bedroom.  At the conclusion of the trial, Petitioner was convicted of the conspiracy charge in the indictment.  (DE #17).  At the sentencing hearing on January 21, 2010, Petitioner was sentenced to two hundred forty (240) months imprisonment, and eight years of supervised release; the Judgment was entered on February 19, 2010. (DE #24).

Following sentencing, Petitioner appealed, alleging error in the district court's admission of 404(b) evidence and the court's jury instruction, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence.  United States v. Harvey Lee Burnette, Jr., 423 Fed. App'x 271 (4th Cir. 2011). Petitioner filed a writ of certiorari to the United States Supreme Court which was denied on October 3, 2011.  Petitioner timely filed an Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence on August 24, 2012, and the government has been ordered to respond.  (DE #35, 36).

Petitioner makes three claims for relief in his Section 2255 Motion.  In Ground One, he claims ineffective assistance of counsel in that his counsel did not provide an appropriate defensive

4

strategy, did not explore an entrapment defense, failed to explore a defense based on inability to enter into a conspiracy with a government agent, did not disclose any possible plea offers, never discussed the benefits of a plea, and failed to object to audio recordings.  In Ground Two, Petitioner claims that the district court erred in admitting 404(b) evidence in his case.  Finally, in Ground Three, Petitioner claims that the district court incorrectly allowed audiotapes as proof of the conspiracy and provided faulty jury instructions by failing to clearly describe the elements of the crime and failing to provide an entrapment instruction.

## DISCUSSION

Collateral attacks brought under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice.  <u>United States v. Addonizio</u>, 442 U.S. 178, 184-86 (1979); <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962); See also <u>United States v. Timmreck</u>, 441 U.S. 780 (1979).  The Fourth Circuit pointed out in <u>Taylor v. United States</u>, 177 F.2d 194, 195 (4th Cir. 1949):

> Prisoners adjudged guilty of crimes should understand that 28 U.S.C.A. § 2255 does not give them the right to try over again the cases in which they have been adjudged guilty.  Questions as to the sufficiency of the evidence or involving errors either of law or of fact must be raised by timely appeal from the sentence if the petitioner desires to raise them.  Only where the sentence is void or otherwise subject to collateral attack, may the attack be made by motion under 28 U.S.C.A. § 2255 which was enacted to take the place of habeas corpus in such cases and was intended to confer no broader right of attack than might have been in its absence by habeas corpus.

## Ground One

Petitioner alleges ineffective assistance of counsel by claiming that his trial counsel, William Trivette, did not provide an appropriate defensive strategy, did not explore an entrapment defense, failed to explore a defense based on inability to enter into a conspiracy with a government agent, did not disclose any possible plea offers, never discussed the benefits of a plea, and failed to object to audio recordings.  Petitioner's § 2255 Motion p.4.  These contentions – all of which should be denied - will be addressed seriatim.

To demonstrate ineffective assistance of counsel, Petitioner must show that his attorney's performance fell below a reasonable standard for defense attorneys and he must show that there is a reasonable probability that but for the attorney's incompetent performance, the result of the proceedings would have been different.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  These two components are typically referred to as Strickland's "performance" and "prejudice" components. 466 U.S. at 698; <u>United States v. Hoyle</u>, 33 F.3d 415, 418 (4th Cir. 1994), <u>cert</u>. <u>denied</u>, 513 U.S. 1133 (1995).  There is a strong presumption that the attorney's conduct fell within the permissible range of reasonable professional assistance.  <u>Strickland</u>, 466 U.S. at 689.  Counsel is strongly presumed to offer effective assistance and

6

a court should apply a "heavy measure of deference" to an attorney's decisions.  Id. at 690-91.

Relief for ineffective assistance of counsel can be granted only if petitioner can show specific errors made by counsel.  United States v. Cronic, 466 U.S. 648 (1984).  Petitioner is not entitled to a hearing based upon unsupported conclusory allegations.  Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923, 113 S. Ct. 1289, 122 L. Ed. 2d 681 (1993), abrgn. recognized on other grounds, Yeatts v. Angelone, 166 F.3d 255, 261 at n.4 (4th Cir. 1999).

In the instant case, Petitioner's initial claim is a conclusory allegation that Attorney Trivette did not provide an appropriate defensive strategy.  Pet.'s Motion p.4.  As Attorney Trivette points out in his affidavit, the only strategy available was to contest the credibility of the cooperating defendants – Dora Cruz Gonzales and Walter Escobar.  (See Attachment A, Affidavit of William Trivette, p.3).  Presumably in an effort to bolster his initial claim of ineffectiveness, Petitioner next claims that an entrapment defense was never explored.  As noted by Attorney Trivette, there was no evidence to support an entrapment defense because the evidence showed there was no inducement and that Petitioner was a willing participant.  (Attachment A, p.3).  In his third claim, Petitioner notes "[i]nability to enter into a conspiracy with government agent

7

not explored." Pet.'s Mot. p.4. As Attorney Trivette points out, the timeframe for the conspiracy charge that Petitioner faced was based on the period <u>before</u> Dora Cruz Gonzales was arrested and began cooperating with federal authorities. (Attachment A, p.4). Consequently, there was no evidence that she was a government agent during the charged conspiracy. Moreover, the district court charged the jury that Ms. Cruz was a government agent once she agreed to cooperate and that Petitioner could not conspire with her or the undercover officer between February (when Gonzales was arrested and began cooperating) and May of 2009. (DE #20, pp.32-33, Transcript of Jury Charge).

During the trial, and consistent with Fourth Circuit precedent, the district court allowed the recordings made during May 2009 of telephone calls between Petitioner and Gonzales concerning a potential cocaine transaction and of a meeting between Petitioner and an undercover detective posing as a drug courier. During the jury instructions, the district court explained that the May 2009 evidence could be considered as evidence of Petitioner's knowledge, intent, motive, or the existence of a common scheme or plan as charged in the conspiracy. (DE #20, pp.33-34). On appeal, a panel of the Fourth Circuit affirmed the district court's evidentiary decision and its charge to the jury. <u>United States v. Burnette</u>, 423 Fed. Appx. 271, 2011 WL 1396818 (4th Cir. April 13, 2011) (unpublished) (Attachment

8

B).

In his fourth and fifth allegations, Petitioner contends that Attorney Trivette never disclosed any possible plea offers and never discussed the benefits of a plea. The Supreme Court has made clear that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Missouri v. Frye, 132 S.Ct. 1399, 1408 (2011). However, unlike the defendant in Frye who was not informed of a plea offer and missed an important deadline, Attorney Trivette discussed the government's plea offer with Petitioner. Attorney Trivette notes that because of the twenty year mandatory minimum offered by the government – with the opportunity to cooperate in an effort to garner a substantial assistance reduction – the Petitioner rejected the offer. (Attachment A, p.4). While Petitioner may not have considered the government's offer to plead to the twenty year mandatory minimum and cooperate as a plea offer, that offer was communicated to Petitioner according to Attorney Trivette.

As to Petitioner's claim that Attorney Trivette never discussed the benefits of a plea, Attorney Trivette states that he discussed the option of pleading guilty to the twenty year mandatory minimum as offered by the government and attempting to cooperate. (Attachment A, p.4). In addition, Attorney Trivette candidly informed Petitioner that there would be no guarantee that Petitioner could reduce his

sentence by cooperation. Id. Faced with the prospect of a twenty year mandatory minimum sentence and no guarantee of a substantial assistance reduction, Petitioner decided to contest the charge at trial. Id.

In his final allegation, Petitioner argues that Attorney Trivette was ineffective by "failure to object audio recording." In reply, Attorney Trivette points out that the recordings of the May 2009 telephone calls and meeting were relevant evidence which demonstrated that Petitioner knew co-conspirator Gonzales and was willing to engage in a drug transaction. (Attachment A, p.5). Given the fact that on appeal, the Fourth Circuit affirmed Judge Osteen's admission of the audio recording evidence as relevant to the charged conspiracy, Petitioner cannot show that but for Attorney Trivette's alleged error how the proceedings would have been different. Put another way, even if Attorney Trivette had objected, precedent in this Circuit allows for 404(b) evidence to be admitted even if it encompasses events that took place after the charged offense. See United States v. Mohr, 318 F.3d 613, 618 (4th Cir. 2003) (Rule 404(b) "covers evidence of both prior and subsequent acts."). This Court should not find ineffective assistance when counsel fails to perform acts that appear to be futile at the time the decision must be made. Garrett v. United States, 78 F.3d 1296, 1303 (8th Cir. 1996). In sum, Petitioner has failed to show the ways

10

in which his attorney's performance was defective and his claims should be denied and dismissed.

## Grounds Two and Three

In Grounds Two and Three, Petitioner reasserts claims previously rejected by the Fourth Circuit during his appeal. Specifically, he claims that the admission of the 404(b) evidence was error (Ground Two) and that "Faulty Jury Instructions" were given (Ground Three). He candidly admits that the issues were raised on appeal. See Pet.'s Mot. pp.5-6 ("yes" responses to question of whether issue was raised on appeal). Those same issues were raised and rejected by the Fourth Circuit Court of Appeals in Petitioner's direct appeal. (See Attachment B). The Fourth Circuit has stated that a § 2255 petitioner "will not be allowed to recast, under the guise of collateral attack, questions [already] fully considered by this court." Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Accordingly, Petitioner's claims in Ground Two and Three are precluded by a prior appeal, are meritless and should be denied and dismissed. Even if Petitioner contends that the appellate court's decision did not fully reach the issues he raises in Grounds Two and Three, Petitioner would nonetheless be procedurally barred from raising the issues in this § 2255 motion since his appellate counsel (whom he has not alleged was ineffective) did not raise it on direct appeal. Bousley v. United States, 523 U.S. 614, 621 (1998) (claim

11

not raised on direct review is procedurally defaulted).  Because the issues raised in Grounds Two and Three have either been decided during the appeal or were procedurally defaulted, they should be denied and dismissed by this Court.

## CONCLUSION

WHEREFORE, the United States respectfully submits Petitioner's Motion under 28 U.S.C. § 2255 should be denied and dismissed.

This the 17th day of April, 2013.

Respectfully submitted,

RIPLEY RAND
UNITED STATES ATTORNEY


/S/ RANDALL S. GALYON
Assistant United States Attorney
NCSB #23119
United States Attorney's Office
Middle District of North Carolina
251 N. Main Street
Winston-Salem, NC  27101
Phone:  336/631-5268
E-mail: randall.galyon@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on April 17, 2013, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing, and I hereby certify that the document was mailed to the following non-CM/ECF participant:

Harvey Lee Burnette
Register #24586-057
FCI Fort Dix
Federal Correctional Institution
PO Box 2000
Fort Dix, NJ 08640

                                     Respectfully Submitted,

                                     /S/ RANDALL S. GALYON
                                     Assistant United States Attorney
                                     NCSB #23119
                                     United States Attorney's Office
                                     Middle District of North Carolina
                                     251 North Main Street
                                     Winston-Salem, NC  27101
                                     Phone:  336/631-5268
                                     E-mail: randall.galyon@usdoj.gov